### Mullen *v*. The State.

CRIMINAL COURTS.—*Constitutional Law.*—Section 7 of the act creating the twenty-fourth judicial circuit (Acts 1869, Reg. Sess. 14) and section 6 of the act creating the twenty-seventh judicial circuit (Acts 1869, Spec. Sess. 48) are invalid, the subject-matter thereof not being expressed in the titles of the acts of which they are parts.

SAME.—*Of Jefferson County.*—*Act Abolishing.*—The act of 1871 abolishing the Jefferson Criminal Circuit Court is valid; and said court had no power, after the taking effect of said act, to rule upon a motion in arrest of judgment, or to render judgment in a cause pending before it.

APPEAL from the Jefferson Criminal Circuit Court.

DOWNEY, J.—This was a prosecution against the appellant, in the criminal court, on appeal from a justice of the peace, for provoking an assault and battery. There was a trial by the court without a jury, and the defendant was found guilty. Motion for a new trial overruled, on the 16th of February, 1871, and motion in arrest of judgment.

A bill of exceptions copied into the record, signed by the judge, says, that on the 2d day of March, 1871, the prosecuting attorney and the defendant appeared in said court, and the defendant objected to the court proceeding in the cause, for the reason that the law had been repealed by which the court had been organized and held, which objection the court overruled; that the defendant then moved for his discharge, which motion was also overruled by the court. The prosecuting attorney then moved to take up the defendant's motion in arrest of judgment, to which the defendant objected, which objection was also overruled. The defendant then objected to the rendition of judgment against him, which objection was disregarded, and judgment rendered against him. To all of these rulings of the court the defendant excepted separately and specifically as the rulings were made.

Prior to the 2d of March, 1871, the act entitled "an act to abolish the twenty-ninth judicial circuit, Jefferson Criminal Circuit Court, and to transfer its business to the circuit court,

to provide for the jurisdiction of the circuit and common pleas courts of Jefferson county in cases of felony and misdemeanor and matters connected therewith," had taken effect, if it ever did take effect. That act was filed in the office of the Secretary of State on the 18th day of February, 1871, without the approval of the Governor.

We are thus required to pass upon the validity of that act, and to say whether it is, or is not, constitutional. If it is valid, then the Jefferson Criminal Circuit Court was abolished before the action of the court above referred to took place; but if it is not valid, then the judgment of the court should be affirmed. It is not necessary that we should set out the act in question, as its title sufficiently indicates what it is.

The first and principal question with reference to the validity of the law is whether it is local or special. It is claimed that the criminal circuit courts are organized under a general law, and that to repeal it as to Jefferson county only, is to repeal the law as to all such courts, by destroying the uniformity of the act; or if this is not the case, that then the law in question is unconstitutional because it is local or special.

The first act referred to is the following clause of section 5 of the act of December 20th, 1865, Acts 1865, Spec. Sess. 151. "And the criminal circuit court shall be organized and held in all counties having ten thousand voters or more therein, · which fact is to be ascertained by the Governor, and certified by him to the clerks of such counties. And in all counties in which the criminal circuit court is organized, the civil circuit court shall have no criminal jurisdiction, but shall have only the jurisdiction of the circuit court in civil cases."

This act was amended by the act of March 8th, 1867, section 1, Acts of 1867, p. 78, by reducing the required population from ten to seven thousand.

In the act of March 1st, 1869, entitled "an act creating the twenty-fourth judicial circuit, providing for the election of a judge thereof, and providing compensation therefor, declaring the jurisdiction of said courts, and providing for the

transfer of actions thereto, and declaring an emergency," there is this section :

"Sec. 7.   There may be organized, under the laws of the State, a criminal court in any county in the State having a voting population of six thousand votes or over, and all the provisions of section five shall be applicable to said court."   Acts 1869, Reg. Sess. 14.

It can hardly be seriously contended that this act can have any bearing on the question which we are considering.   Its title is confined to that part of the act relating exclusively to the organization of the court in Vigo county, which by the act is formed into the twenty-fourth judicial circuit.

In the act to create the twenty-seventh judicial circuit, with a title similar to that creating the twenty-fourth circuit, there is this section :

"Sec. 6.   Criminal circuit courts shall be organized and held in all counties in which there may be an incorporated city, having a resident population of ten thousand inhabitants or more, without regard to the number of voters contained in such counties."   Acts 1869, Sec. Sess. 48.

These are believed to be the only provisions of a general nature relating to the establishment of such courts.

While it must be conceded that the acts of 1865 and 1867, above set forth, are valid, it must at the same time be admitted that those of 1869 are invalid on account of defects in their titles.

But no criminal circuit court has ever been organized under these general provisions.   Every criminal court in the State has been organized by a special act of the legislature. It has in each case been deemed necessary to pass an act specially providing for the organization of the court in each county where they exist, and providing where they shall sit, who shall be officers, the time of holding the same, declaring a vacancy in the office of judge and prosecutor, authorizing the governor to appoint them, &c.   Without such special enactments or a general law authorizing the same things to be done, no such court could have been organized and set

in motion. The act authorizing such a court in Jefferson county, and in Vanderburgh, approved May 13th, 1869 (1868 by mistake) brought the criminal circuit court into existence in those counties. Without this no such court would have existed in those counties.

We think the act in question, which repeals so much of said last named act as authorizes a criminal court in Jefferson county, is not liable to any objection which would not with equal force apply to the act creating the court. If one is invalid, the other must be also; and if one is valid, so is the other.

The judgment, back to and including the decision upon the motion in arrest of judgment, is reversed, and the cause remanded, to be certified immediately.

*J. Roberts* and *H. W. Harrington,* for appellant.

*J. W. Lick, N. B. Taylor,* and *B. W. Hanna,* Attorney General, for the State.